PUTNAM *against* LEWIS, Administrator of LEWIS.

THIS was an action of *assumpsit,* for medicine and attendance as a physician, &c.

The case was tried, at the *Madison* circuit, before Mr. Justice *Yates,* in *May* last. The plaintiff proved his demand, as stated in his account, to be 53 dollars and 96 cents. The defendant gave in evidence a receipt, signed by the plaintiff, as follows : " Received of .*George R. Lewis,* fifty-three dollars and 96 cents ; it being in full of all demands which I have against the estate of *Eber Lewis,* late of *Fabius,* deceased. *Madison, March* 19, 1810."

To repel the receipt, the plaintiff proved that this action was commenced the 27th *February,* 1810, and the *capias* returned *non est inventus.* In *March* following, the plaintiff gave directions to his attorney to stay the suit, on the defendant's paying the costs. The defendant told the plaintiff's attorney, that he had settled the suit with the plaintiff, by giving his note, and was to pay the costs, and, being informed of the amount of the costs, promised to pay them in two or three weeks; but not having paid the costs, the attorney of the plaintiff issued an *alias capias,* in *August,* on which the defendant was taken. It appeared that the defendant had paid the plaintiff five dollars in part of his demand; and the plaintiff offered to produce and cancel the note given him by the defendant. The judge charged the jury to find a verdict for the plaintiff, for the balance, with interest

Giving a promissory *note* is no payment of a *book* debt. It only suspends the right of action during the time allowed for payment, by the note. And a *receipt* in full of all demands, for such book debt, does not preclude the plaintiff from showing the circumstances under which it was given. And the note not having been paid, the plaintiff was held entitled to recover the amount of his book debt, with *interest* from the time the note was payable.

NEW-YORK,
October, 1811.

DEAN
v.
ALLEN.

from the time of settlement; and a verdict was found accordingly.

A motion was made to set aside the verdict on a case agreed upon, which was submitted to the court, without argument.

*Per Curiam.* Giving the note was no payment of the book debt. It could only suspend the right of action, during the period allowed for payment of the note. (*Herring* v. *Sawyer, January term,* 1802, MS.) The time of payment in the note does not appear, and it was the business of the defendant to have shown it, if he relied upon that point, as a defence. As it is, we are to presume the note was due when the writ was issued in *August,* 1810. The receipt did not preclude the plaintiff from showing the facts and circumstances under which it was given. This is a well settled point in this court. The recovery was accordingly correct, and the account being liquidated and agreed to, it of course carried interest.

Motion denied.