Mr. Justice Richardson
delivered the opinion of the court.
This case is very simple in itself. The witness proved a balánce acknowledged by one of the defendants of $1866, and that $600 had been paid afterwards ; whereupon the jury gave a verdict for $1266, and interest from the acknowledgment. All the rest of the evidence served only to entangle the case, and to bring out the many grounds suggested in the brief; all of which are answered by well established principles. The decision in the case of Rocheblanche vs. Cleary and Gieu, declares that any finding by the jury that the claim of the plaintiff was or was not a vendue debt is altogether superfluous; as the question whether it originated in a vendue transaction need not be decided before the defendant shall have attempted to take the benefit of the insolvent debtors act, upon which attempt alone, it becomes important to inquire into the origin of the debt. After this decision, and under the general issue which was the plea filed in the case before us, the verdict could not be altered by reason of the claims of the plaintiffs being mixed up with' a vendue transaction ; nor even were they altogether of another character, could it avail the defendants any thing for the present, after pleading to the ■merits. For in either of those cases the only question would be, whether the case must be taken up out of the usual order, according to the act of 1815 ; and any objection arising out of the origin of the debt, as not being ? vendue case, should be brought to the observation of the, court by the claim of an imparlance or some special plea or motion to continue, or at least not by a general denial ol the debt; because upon such an objection the only object would be to decide whether the case was to be taken up, and not whether the defendants might afterwards obtain *454 the benefits of the insolvent debtors act. It is competent to join a vendue debt with any other debt, if they are consistent in themselves, i. e. may be covered by the same plea and judgment^ though the mixture may delay the recovery of the vendue debt, perhaps.
Th 'se observations sufficiently answer the objections to the verdict contained in the three first grounds, as arising out of the plaintiffs account, being in £he whole or in part a vendue transaction. I give no opinion on what was their true character, or whether they were mixed or not, or what may be the future consequence in either case. But under the issue made up, and for the present, the only important enquiry is, did the allegations and proofs justify the verdict, independent of the peculiar character or origin of the debt ? Since the decision in Rocheblanche vs. Cleary and Gieu, the only object that I can perceive in stating that the claim arose out of a vendue transaction or in enquiring into that fact is, that the case may be taken ujv primafacie, under the act of 1815, in a summary way.
The 5th, 6th and 9th grounds, appear to be predi-rated upon the supposition, that as Rioses gave his notes to the plaintiffs for the balance acknowledged to be due, neither of the defendants (but more especially BrownJ could be made liable upon the account acknowledged. But it is settled that the liquidation of an account by a note, though it should have been by the note of a third person, unless expressly received in payment, does not destroy the open account, (5 Johns. 72-73. 8 Johns. 389.) The plaintiffs were then at liberty to sue Moses upon his notes, or both defendants upon the original account. And as to the note of Si 100, given for Tazarte, either of the defendants was at liberty to regard the consideration of that note as a part of the general account of the plaintiffs, " and to strike the balance as if no such note existed. The result is precisely the same, whether the note of 01100, be charged to the defendants, or the amount of goods, i. e. 01100, which was the consideration of the note. The parties might adopt either form in order to shew the true balance *455 due, and Moses having adopted the latter, bis act is binding upon Brown. ■ I mean not to say that the manner of casting the account made the note of $1100 a vendue debt, if not of that character before. I repeat that for the present, the enquiry is, was' the account proved, not whether it originated in a vendue transaction, nor whether the acknowledgment by Moses made it so.
The. 7th and 8th grounds of the brief remain to be considered.
1st. Was the declaration in due form ? The second count was “ for money had and received,” and the account filed was for divers sums of money received by the defendants for the plaintiffs, upon which a balance was due and had been expressly acknowledged. Could there then be a case more peculiarly proper for such a count, which Chitty, (p. 341,) says, is the proper form, where money has been received, or which, ex equo ci bono, ought to be paid over to the plaintiffs.
Lastly, ought interest to have been allowed upon the balance due, and in this form of action i Interest has bet a too often allowed upon a balance of accounts, after it has been acknoxuledged,, to be now disputed. (Robinson vs. Bland, 2 Burr. 1086. 2 Bro. 662. Blaney vs. Hendricks, 3 Wils. 205. 2 Blak. 761. 1 Doug. 376. See tbc collection of cases, by Day, in 5 Espi. Rep. 114.
■ In the case of Bulow vs. Godard, (1 Nott & M'Cord, 45,) this court considered the subject with great attention, reviewing past adjudications in detail, and appear to have come to this conclusion, “ that interest is recoverable in all cases of certain or liquidated damages.” The same case also decides that interest may be recovered upon a count for money had and received; (See also Pean vs. Barber, 3 Caines 266. 9 Johns. 71. Lawes on Asst. 488.
The motion is therefore dismissed.
Justices Colcock, Huger and Gantt, concurred.