## GEORGE W. AND NATHAN C. PLATT *v*. JAMES M. STARK.

Extending the time for the payment of a note, past due, at the request of the maker, and without the consent of an indorser upon it, discharges the indorser from his liability.

P. held a note of G. indorsed by S. After its maturity, and without the consent or knowledge of S., P. accepted from G. a payment in cash on account, and his note for the balance due, payable three months thereafter. *Held*,

I. That P. thereby extended the time for the payment of the original debt, and suspended any right of action upon it, during the period the new note had to run.

II. Such an extension of credit to G. effectually released S. from liability as indorser upon the original note.

APPEAL from a judgment of the Fourth District Court in favor of the plaintiffs. The action was brought against the defendant as indorser of a note made by A. H. Gough, and transferred to the plaintiffs before maturity. It appeared at the trial, that after the note became due they accepted from Gough a payment of $50, in cash, on account, and his note for the balance due, payable in three months, with two corporation leases of lots upon sales for taxes, as security; giving at the time to Gough a writing, acknowledging receipt of the new note and the leases, and releasing

the defendant as indorser upon the note in suit. Gough subsequently delivered this release to the defendant, and at the time procured from him, on the faith of it, certain bank stock which he held as security for his indorsement.

It was claimed by the plaintiffs, that they did not read the writing at the time they signed it, but acted on Gough's representations as to its contents, and which were untrue; also that the release was without consideration, being founded upon the presumed transfer of the corporation leases, when it was in fact shown that one of them was, by an assignment indorsed upon it, transferred to Sarah Gough, and the other transferred in blank. The justice gave judgment for the plaintiffs, and the defendant appealed.

*William R. Stafford*, for the appellant.

*John N. Whiting and John L. Sutherland*, for the respondents

By the Court, HILTON, J.—The defendant is sued as an indorser upon a promissory note for $200, made to his order by one A. H. Gough, and now held by the plaintiffs. The note became due in July, 1854, and it appears that in September following the maker paid to George W. Platt, one of the plaintiffs, $50 on account of it; gave his individual note, payable in three months thereafter for the remaining $150; deposited with the plaintiff two corporation leases as security for its payment; and received from him a written instrument acknowledging the receipt of the new note and leases, and releasing the defendant as indorser on the note now sued upon. It is claimed by the plaintiffs that this release is not only void for want of a consideration to support it, but, in addition, that it is invalid because it was obtained upon representations, made by Gough, which induced the plaintiff to sign it, without reading to ascertain its contents or effect.

As it is not disputed, that after the note in suit became due, the plaintiff accepted the new note from the maker without the

consent or knowledge of the indorser, it is quite immaterial to inquire whether or not the release was invalid upon either of the grounds suggested.

The effect of accepting the new note was to extend the time for the payment of the original indebtedness; it entirely suspended the plaintiffs' right of action during the period it had to run, and the defendant' was, by this extension of credit to the maker, as effectually released from any liability as indorser upon the note in suit, as he would have been by a novation to which he was not a party. *Myers* v. *Wells*, 5 Hill, 463; *Colemard* v. *Lamb*, 15 Wend. 329, 332; *Nexsen* v. *Lyell*, 5 Hill, 466; *Fellows* v. *Prentiss*, 3 Denio, 512, 518; *Coleman* v. *Wade*, 2 Selden, 44; *Wood* v. *Jefferson Co. Bank*, 9 Cow. 194, 206; *Putnam* v. *Lewis*, 8 John. 389; *Hart* v. *Hudson*, 6 Duer, 294, 304.

The plaintiffs were not entitled to recover, and the judgment of the justice in their favor was erroneous.

Judgment reversed.