[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 481 
So far as the facts are found in this case, we have nothing before us upon which we can say that, when the mortgage was given, the condition or possession of the mortgaged premises was such as to authorize the bank to suppose that the title to them was in Daniel Townsend, rather than in his wife. And in the absence of any such facts, we are thrown back upon the legal presumption that (nothing appearing to give a contrary color of title), the taker of a conveyance is held to take it according to the true title of the grantors, and with the knowledge of it.
It is, further, found in the case, and the mortgage on its face shows, that it was given as security for a debt which was not the debt of either Daniel Townsend or his wife; so that, upon the mortgage, both were sureties to the bank for the already incurred debt of a stranger, which was to be, and was, continued *Page 482 
as that stranger's debt, and with this mortgage as collateral security thereto.
Thus, with the knowledge that the wife's mortgage was not for her benefit, or even for that of her husband, and with the (legal) knowledge that part of the mortgaged premises belonged to her, as her separate estate, the bank extended the time of payment to the principal debtor, without the consent of one of the sureties; which act would release the separate interest of that surety. The fact that the consent of Daniel Townsend was procured to the extension shows that the bank understood the act they were doing to be one that required such consent to prevent his being released.
The plaintiff's claim, that the mortgage was a continuing security for loans to be made and renewed, does not meet the case; for the extension contract was one by which the bank was conditionally to receive part payment from time to time upon an already matured debt, the maturity and dishonor of which made the mortgage debt at once payable. The contract which was made altered the tenor of the indebtedness in such a way as to release a surety who did not consent thereto.
It is not inconsistent with these views to hold operative her release (by joining in the mortgage) of her inchoate right of dower in such part of the mortgaged premises as belonged to her husband; for the principal contract — that of suretyship — being his sole contract, and her concurrence in the deed touching merely a contingent incident to his estate, her consent would be held to follow his modification of the principal contract.
It would seem that the judgment of the Superior Court of Buffalo should be affirmed.
The claim that the mortgage is void, because not given to the president of the bank (Laws of 1838, chap. 260, § 24), is not properly taken by the defendants, as they do not appeal from the judgment below.