The Bank of Albion, Appellant, *v.* Robert Burns et al., Respondents.

Where the real estate of a wife is mortgaged to secure the debt of her husband, she occupies the position of a surety, and she, and those claiming under her, are entitled to the benefit of the rules, prohibiting the dealing of the creditor with the principal debtor, to the prejudice of the surety. An extension of the time of payment, without her assent, is such a dealing, and discharges the mortgage.

Whether it can be shown, by extrinsic evidence or verbal agreement, that such a mortgage, conditioned for the payment of a sum certain within a specified time, was in fact, given as a continuing guaranty for any and all indebtedness to the amount stated, *quere.* At least, such effect cannot be given to the security, without competent proof of the assent of the mortgagor.

The agency of the husband to bind the wife, to be inferred from the posses-
sion of the mortgage, has respect to, and is limited by, the terms of that
instrument.

The fact that the mortgagee, had no actual knowledge of the fact that the
wife owned the mortgaged premises, and of the resulting relationship of
principal and surety between the husband and wife, is not material where
the title is on record.   He is chargeable with knowledge.

(Argued June 19, 1871; decided September 2, 1871.)

APPEAL from judgment of the late General Term of the
Supreme Court in the eighth judicial district, reversing a
judgment entered upon the report of a referee.   (Reported
below, 2 Lansing, 52.)

The plaintiff brought this action to foreclose a mortgage,
given by Oscar F. Burns and wife, upon property of the wife,
in August, 1861, to secure the payment of $2,000, with inte-
rest thereon, according to the condition of the bond of the
husband of the same date.   The bond was conditioned for
the payment of the sum named and interest thereon; one-half
in three months; one-half in six months, interest on all sums
unpaid, payable at the time of each payment.   At the time
of the delivery of the bond and mortgage to the plaintiff by
Oscar F. Burns, another bond and mortgage upon property
of the husband for $3,000, payable one-half in six months,
and one-half in one year, was also delivered to the plaintiff,
and a paper was given to Burns, signed by the president of
the plaintiff, to the effect that the two bonds and mortgages,
were received and held as collateral security for the payment
of any and all claims and demands, which the plaintiff then
had, or might thereafter have against Oscar F. Burns, by
notes, drafts, checks, or otherwise, and for all liabilities, notes,
etc., on which the said Burns was, or might become liable.
The $3,000 mortgage was subsequently surrendered to the
mortgagor at his request.

Mr. and Mrs. Burns were married in 1850, and Mrs. Burns
died in March, 1862, and Mr. Burns in July, 1866; and the
defendants are their infant children and heirs-at-law, to whom
the mortgaged premises have descended from their mother.

At the time of the delivery of the bond and mortgage, Oscar F. Burns was indebted to the plaintiff in the sum of $4,178.14, which indebtedness was diminished and decreased from time to time, and the referee, before whom the case was tried, reports " that but little if any portion of said indebtedness was ever paid, but that the same was extended from time to time, new notes being given therefor, that the indebtedness of said Oscar F. Burns to said plaintiff gradually increased by accumulations of interest and new loans, and at the time of his death he was indebted in the sum of $14,000;" and that the amount due on the bond and mortgage was, at the date of the report, $2,910. Judgment. of foreclosure in the usual form was given upon the report. Upon appeal the judgment was reversed by the General Term of the Supreme Court sitting in the eighth district, and a new trial granted; and from the last order the plaintiff has appealed to this court, stipulating that upon affirmance of the order, judgment absolute be given for the defendants.

*H. R. Selden,* for appellant. As the judgment is not reversed upon any question of fact, no question is presented beyond exceptions to evidence and to the referee's conclusions of law. (Code, § 268, subdivision 4; id., § 272, subdivision 7; *Baldwin* v. *Van Deusen,* 37 N. Y., 487–490; *Shibley* v. *Angle,* id., 631; *East River Bank* v. *Kennedy,* 4 Keyes, 279.) The bond and mortgage were given as continuing security, and Burns had a right so to use it. (*Agawam Bank* v. *Strever* 18 N. Y., 510, 511, and cases cited; *Seneca Co. Bank* v. *Mass.,* 3 N. Y., 43; *Lawrence* v. *Tucker,* 23 How., U. S., 14–27; *Robinson* v. *Williams,* 22 N. Y., 380; *Young* v. *Wilson,* 27 N. Y., 351.) The testimony cannot be resorted to, to overthrow the finding of the referee. (*Grant* v. *Morse,* 22 N. Y., 323, 324; *Colwell* v. *Lawrence,* 38 id., 71, 76, 77; *Milburn* v. *Belloni,* 39 id., 54; *East River Bank* v. *Kennedy,* 4 Keyes, 279, 284; *Bergen* v. *Wemple,* 30 N. Y., 319, 324.) This court can only look to the order, not the opinion of the court below for evidence, that the reversal pro-

ceeded upon a question of fact. (Code, §§ 268, 272 ; *East River Bank* v. *Kennedy*, 4 Keyes, 283, 284.) The extension of time of payment of the debt, as security for which the bond and mortgage was pledged, did not discharge the surety. (*Gahn* v. *Niemcewicz*, 11 Wend., 312 ; see opinion of NELSON, J., pp. 320–322 ; *Roosevelt* v. *Mark*, 6 John. Ch., 266 ; see the opinion of the chancellor, pp., 279–284, and the cases there cited, and particularly *Toussaint* v. *Martinnant*, 2 T. R., 100 ; and *Martin* v. *Court*, id., 640 ; also, *Monell* v. *Smith*, 5 Cow., 441 ; *Monell* v. *Smith*, 5 Cow., 444.)

*S. Hand*, for respondents. The title appearing upon record in Mrs. Burns', plaintiff, is chargeable with knowledge. (*Purdy* v. *Huntington*, 42 N. Y., 334; *Briggs* v. *Palmer*, 20 Barb., 392 ; *Smith* v. *Townsend*, 25 N. Y., 479.) The wife stood simply in the relation of surety. (*Vartie* v. *Underwood*, 18 Barb., 561; *Loomer* v. *Wheelright*, 3 Sandf. Ch., 135 ; *Hawley* v. *Bradford*, 9 Paige, 200 ; *Fitch* v. *Colheat*, 2 Sand. Ch., 29.) The payment of the debt or extension of time would release her. (*Smith* v. *Townsend, supra ; Billington* v. *Wagner*, 33 N. Y., 31 ; *Henderson* v. *Marvin*, 31 Barb., 297 ; *Draper* v. *Prescott*, 29 Barb., 401; *Gahn* v. *Niemcewicz*, 11 Wend., 312 ; *Place* v. *McIlvain*, 38 N. Y., 96 ; *Fellows* v. *Prentiss*, 3 Den., 512; *Bangs* v. *Mosher*, 23 Barb., 478 ; *Myers* v. *Welles*, 5 Hill, 475 ; *Bank of Orleans* v. *Barry*, 1 Den., 116 ; *Hart* v. *Hudson*, 6 Duer., 294; Pitman on Surety, 170, 171, 172, 40 Law Lib.) The debt for which mortgage was security was paid before suit. (*Dows* v. *Moorewood*, 20 Barb., 183 ; *Hunter* v. *Osterhout*, 11 Barb., 33 ; *Allen* v. *Culver*, 3 Den., 284 ; *Webb* v. *Dickinson*, 11 Wend., 62 ; *Shepperd* v. *Steele*, 4 Hand, 52 ; *Thorns* v. *Kelsey*, 30 Barb., 126 ; *Bank* v. *Brown*, 1 N. Y. Legal Ob., 149 ; *Patterson* v. *Hull*, 9 Cow., 747 ; *Loomer* v. *Wheelright*, 3 Sand. Ch., 135.) The time of payment was extended for a valid consideration, and surety discharged. (*Pratt* v. *Coman*, 37 N. Y., 440; *Day* v. *Sanders*, 3 Keyes, 347; *Place* v. *McIlvain*, 38 N. Y., 96 ; *Bangs* v. *Mosher, supra ;*

*Hart* v. *Hudson, supra; Newsam* v. *Finch,* 25 Barb., 175; *Insurance Co.* v. *Diefendorf,* 43 Barb., 444; *Neff's appeal,* 9 Walls & Serg., 36; *Delacroix* v. *Bulkley,* 13 Wend., 75.) The surety was released by the discharge of the $3,000 mortgage. (*Loomer* v. *Wheelwright,* 3 Sandf. Ch., 135; Powell on Mortgage, 871, note 1; *Pitts* v. *Congdon,* 2 Comst., 352; *Bank of Manchester* v. *Bartlett,* 13 Verm., 315; *Cheseboro* v. *Millard,* 1 J. Ch. R., 409; *Bridenbeck* v. *Lowell,* 32 Barb., 9.) No delivery of mortgage so as to make it valid. (*Catlen* v. *Jackson,* 8 John., 521; *Elsey* v. *Metcalf,* 1 Den., 323; *Freeman* v. *Pray,* 23 Ark., 439.) At least valid only according to its terms. (*Stringham* v. *Insurance Co.,* 3 Keyes, 280.) Burns had no authority to pledge it as security. (1 Powell on Mortgages, 28, 29, note R., 8 Taunt., 101; *D'Bouchet* v. *Goldsend,* 5 Vesey, 211; *Henry* v. *Marvin,* 3 E. D. Smith, 71; *Kennedy* v. *Strong,* 14 J. R., 128; *Rodriguez* v. *Heffermon,* 5 J. Ch., 417; *Borritto* v. *Mosquera,* 2 Bosw., 101; *Walther* v. *Whetmore,* 1 E. D. Smith, 7; *Bloomer* v. *Waldron,* 3 Hill, 361; *Coutant* v. *Servoss,* 3 Barb., 128; *Cummings* v. *Williamson,* 1 Sands. Ch. R., 17.)

ALLEN, J. The fact that the president of the bank of Albion, the mortgagee, had no actual knowledge of the ownership by Mrs. Burns of the mortgaged premises, and the resulting relationship of principal and surety between Burns, the debtor to the bank, and his wife, the mortgagor of her individual property, is not material. The debt was the debt of Burns, and was contracted by him with the plaintiff. The title of Mrs. Burns was upon record, and the plaintiff is chargeable with knowledge of it and the legal consequences resulting therefrom.

One who takes a conveyance of real property from the rightful owner, must be regarded as taking in subordination to the true title and with full knowledge of it, so far as it appears upon record. (*Smith* v. *Townsend,* 25 N. Y., 479; *Purdy* v. *Huntington,* 42 id., 334.) The property of the wife having been mortgaged to secure the debt of her hus

bank, she occupied the position of a surety, with all the rights, legal and equitable, incident to that relation; and the defendants having succeeded, by inheritance, to the estate and interest of their mother, occupy the same position, and are entitled to every defence which could have availed to the original mortgagor had she lived. (*Gahn* v. *Niemcewicz*, 11 W. R., 312; *Loomis* v. *Wheelright*, 3 Sandf. C. R., 135; *Smith* v. *Townsend, supra.*) The wife, and those claiming under her, are entitled to the benefit of the rules, prohibiting all dealings of the creditor with the principal debtor, to the prejudice of the surety.

An extension of the time of payment, without the assent of the surety, is such a dealing as operates to discharge the surety, the law presuming injury to the surety from such extension. (*Gahn* v. *Niemcewicz, supra.*) The first question is as to the character of the instrument, and whether it is as claimed a continuing guaranty of the debts of Oscar F. Burns to the plaintiff. By its terms it is conditioned for the payment of the bond of Burns to the bank for $2,000, payable in three and six months, with interest. It is as explicit as language could make it, in the specification of the obligation to which it was collateral, and of the debt to secure the payment of which it was given. Without stopping to inquire, whether a mortgage specifically conditioned for the payment of the bond of a third person for a given sum, within a limited time can, by extrinsic evidence or verbal agreement, be made to serve as a continuing security to the mortgagee for debts thereafter to be contracted, without respect to the form or character of the obligation, or limit as to time, either of the creation or payment of the debt; such effect cannot be given to the security, without some competent evidence that such was the intent of the mortgagor.

The intent of the contracting parties must be primarily sought in the words and terms of the contract; and when there is no ambiguity, effect must be given to the contract as expressed in the. instrument. Here there is no ambiguity, and it may well be doubted, whether it would be competent

for the mortgagee to show, that the mortgage was in fact given, to secure any and all indebtedness of Burns to the amount of $2,000, that might accrue thereafter for any cause, instead of the specific obligation mentioned in it.

It would certainly very essentially vary and change the contract of the mortgagor, and create a very different liability from that indicated by the terms of the deed. This can only be done by the assent of the mortgagor, to be proved by competent evidence. There is no evidence in the case to warrant the finding of the referee, that the mortgage was executed or delivered for any purpose other than that expressed upon its face.

It is not claimed that the mortgagor in person delivered the mortgage for such purpose, or that she had any knowledge of the transaction, between the mortgagee and her husband at the time of the delivery. The claim of the plaintiff to hold the mortgage as a continuing guaranty, rests upon a supposed agency of the husband to act for and bind the wife, the only evidence of such agency, or its extent, being the possession of the mortgage by the husband. The agency to be inferred from the possession of the mortgage must have respect to, and be limited by, the terms of that instrument. It cannot be extended by implication. The most that can be inferred is, that the husband had authority to bind the property of the wife, by the delivery of the mortgage to the plaintiff, for the sum named, payable at the times and in the manner specified in the bond, to which it was collateral, that is, to deliver the mortgage as a valid instrument, to take effect according to its terms.

She by executing the mortgage and delivering it to her husband, consented to the delivery of it to the mortgagee, to take effect according to its terms, and thereby to pledge her property for his benefit, to the amount and for the time therein mentioned. It was not an unlimited power of attorney, a pledge of her property for an unlimited amount, or for the payment of a debt at any time in the future. She limited the time, as well as the amount, for which she mortgaged her estate. She

did not, in terms or by implication, consent to be bound for a debt to be contracted ten years thereafter, and payable twenty years or any other time in the future.

The inference is, that it was intended as a security for a debt then existing, or which should be created thereafter, but which should be payable within the time limited by the terms of the mortgage. The wife might well consent to become the security for the debt of her husband, payable within a short time, when she would not consent to become security for a debt payable indefinitely in the future, or at a long day.

At the time of the delivery of the mortgage, there was a debt of over $4,000 due the plaintiff, which was not diminished at the expiration of six months thereafter, and it does not appear that a special loan was made on the security of the bond and mortgage, or that the amount named therein, or any amount, was advanced, as a special advance upon it, as a security.

No injustice will therefore be done the plaintiff, by regarding this mortgage as a security for the then existing debt, to the amount of $2,000; for, if not a security in that form, and to that extent, it never became a valid instrument for any purpose. That debt was in the form of bills and notes of Oscar F. Burns, of different amounts, and payable at different dates. The bond and mortgage were without consideration, independent of the debt to the bank represented by the notes, and to which they were collateral.

The principal debt consisted of the notes of Burns. An extension of the time of payment of these notes, by a renewal or otherwise, necessarily suspended all rights and remedies upon the bond and mortgage. (*Putnam* v. *Lewis*, 8 Johns., 389; *Myers* v. *Welles*, 5 Hill, 463; *Fellows* v. *Prentiss*, 3 Denio, 512.)

There could be no default in the condition of the bond or forfeiture of the mortgage, except by a failure to pay the principal debt at maturity; and an action upon the bond, or to foreclose the mortgage, could only be maintained upon a default to pay the debt, which they were given to secure.

Statement of case.

The debt, whether represented solely by these securities or by other instruments, and collaterally secured by the bond and mortgage, must be over due, to give the mortgagee a right of action upon the securities. The evidence and the statement of the indebtedness furnished by the plaintiff, show that the debt that existed at the time of giving the mortgage, as well as that which had an existence during the six months thereafter, was paid long before the death of Burns and the commencement of this action. But aside from that, the referee has found an extension of the time of payment, by repeated renewals of the obligations. This operated as a release of the surety and discharge of the mortgage. (*Myers* v. *Welles, supra ; Smith* v. *Townsend, supra.*)

The order granting a new trial should be affirmed, and judgment absolute given for the defendant, pursuant to the stipulation.

All concur but CHURCH, Ch. J., not voting.

Judgment accordingly.