HOFFMAN, appellant, v. TREADWELL *et al.*

*Principal and agent — special agency — husband and wife — presumptions of fact.*

The husband and the son of plaintiff were indebted to the defendant for moneys wrongfully converted. The husband procured from the plaintiff a deed conveying real estate owned by her to defendant. The deed was executed and acknowledged by the wife, and given by her to the husband at his request. No directions were given by her to him as to what he should do with it. The consideration expressed in the deed was $25,000. The husband gave the deed to defendant, by whom it was accepted as payment of the indebtedness.

*Held,* that the husband was merely the special agent of the wife, and she was not bound by his acts beyond the limits of the authority conferred, which did not permit him to deliver the deed in settlement of his own indebtedness, and it was the duty of the defendant to ascertain and know the extent of the powers of such special agent.

The utmost that could be inferred from the possession of the deed was, that the husband had authority to sell the property described in it for the consideration expressed to be paid to him as his wife's agent. *Bank of Albion* v. *Bemis,* 46 N. Y. 170, followed.

ACTION to set aside and avoid the deed hereinafter referred to. The plaintiff, a married woman, was the owner, as her separate

property, of certain real estate which was occupied as a dwelling-house by her family, consisting of L. M. Hoffman, her husband, and Ring Hoffman, her son.

These last-named two persons were copartners doing business as brokers under the firm name of L. M. Hoffman & Co., and had become indebted to the defendant Wm. E. Treadwell in a large sum of money which they had held in trust and wrongfully converted to their own use.

Subsequently, at the request of her said husband, the plaintiff executed and acknowledged a deed to the said real estate, which had been previously prepared by her said son, conveying the same to the defendant, Wm. E. Treadwell, which deed the plaintiff gave into the hands of her said husband, at his request, and, in consequence thereof, without giving him any directions as to what he should do with it. She testifies that she knew that it was a paper having reference to the house and lot; that she did not at any time authorize him to deliver it to any person, or to make any use or disposition of it whatever; that she did not at that time know that Wm. E. Treadwell's name was inserted in the paper as grantee; that she did not remember any thing about the circumstances of acknowledging this deed, but had signed many papers at her husband's request, and had never inquired any thing about them; that subsequently she was informed that the paper was a conveyance to the defendant Wm. E. Treadwell. This deed was a conveyance in fee of the said premises to said Wm. E. Treadwell, reciting a consideration of $25,000, and the said L. M. Hoffman delivered it to the defendant Wm. E. Treadwell in satisfaction of the said pre-existing debt of Hoffman & Co. Previous to this time the plaintiff had mortgaged the same property to one Gilman to secure a debt of her husband for $3,000, which L. M. Hoffman discharged. There was also another mortgage on the property for $6,000, and, some time after the conveyance to the defendant, this mortgage being called in, the defendants, at Hoffman's request, executed a new mortgage for the same amount, and paid off the original mortgage which was discharged. After the expiration of three years, Hoffman and the defendant, Wm. E. Treadwell, had a conversation about the continued occupation of the premises by Hoffman's family (Hoffman having, up to that time, paid the taxes and the interest on the mortgages), and Hoffman accordingly agreed to pay Treadwell $2,000 per year, and paid him accordingly $500,

which went on account of his debt. The complaint was dismissed in the court below, and judgment given for defendant, from which this appeal was taken.

*Wm. R. Martin,* for appellant.

*Evarts, Southmayd & Choate,* for respondents.

BRADY, J. Unless the possession of the deed which the husband of the plaintiff delivered to the defendant, William E. Treadwell, authorized such delivery upon any terms which the husband might elect to make, then the plaintiff must succeed in this action. This proposition is based upon the fact that no consideration was paid to the plaintiff, or to her husband for her, and also on the assumption that the plaintiff knew the character of the instrument she was signing, although the evidence shows clearly that she did not. It gives to the defendants, therefore, all that they can claim on that subject. It assumes that the plaintiff knew that she was executing a deed of the property described and in favor of the defendant, William E. Treadwell, and for the consideration expressed. It cannot be assumed that she knew in what manner that consideration was by arrangement between her husband and William E. Treadwell to be paid, because there is no evidence which will warrant it. It may be assumed, however, in regard to the deed, that she knew its contents, because she executed and acknowledged it. It, therefore, becomes apparent that unless the husband of the plaintiff, by virtue of his possession of the deed, there being no other evidence thereto, was authorized to deliver it to the defendant, William E. Treadwell, in payment of a pre-existing debt, the delivery was wholly unauthorized, and that the defendant, William E. Treadwell, took no title. In order to determine this question, it becomes necessary to consider the rights of the plaintiff and the result of her relation to her husband, in reference to her separate estate. Whatever may have been the rule prior to the enabling statutes of this State in regard to married women in this respect, it is now settled that she holds her separate estate as a *feme sole,* absolutely, with full power to dispose of it as she may think proper. Her husband, in whatever he may attempt to do with or in reference to it, must necessarily, therefore, be her agent with the general or limited powers which such agency may confer. As an agent, he cannot, in the absence of express authority thereto,

deal with the trust for his own benefit. Such a result has never been tolerated and cannot now become an element of our law. When he attempts to do so, the duty imposed upon the person with whom he seeks thus to deal is, to ascertain whether he has the power to do it, and particularly in a case like this, where the confidential relation of husband and wife existed between the principal and agent, to see to it that he have evidence emanating from the wife herself, and not only through or from the husband by his parol statement thereto, showing that he is vested with the right to do the act he undertakes to perform. The general rule is, that the principal is not bound by the acts of the agent, in case of a special agency, beyond the limits of the authority conferred. It must be strictly pursued, and it is the duty of a party dealing with a special agent to ascertain and know the extent of his powers; if he omit so to do, it is at his peril. *Martin* v. *Farnsworth*, 49 N. Y. 555. The same obligation is at once created which would spring out of the husband's position if he were representing or attempting to represent any other person. He does not derive any authority from his marital relation. The property is that of his wife, and she is to be treated in regard to it as if she were unmarried. If there be any distinction in such a case, it would be to enforce the rule more vigorously. The closer the tie the greater the liability to abuse, and hence the greater necessity for the vigilant application of that protection which the courts have applied to the relation of principal and agent, and have thrown around the separate estates of married women. *Comstock* v. *Comstock*, 57 Barb. 453; Chauncy's Rights of Women, 347, and cases cited.

These are familiar rules. What power or authority then did the plaintiff's husband derive from the possession of the deed? The question is answered by the decision in the case of *Bank of Albion* v. *Burns*, 46 N. Y. 170. It is, that the most that can be inferred from the possession of the deed is, that the husband had authority to sell the property described in it for the consideration expressed upon its face, to be paid to him as her agent. It was held in that case, that a mortgage given by the wife, for the debt of the husband, upon her separate property, could not be regarded as a continuing guarantee in the absence of proof that it was executed for that purpose. It was, indeed, suggested as doubtful, whether it would be competent for the mortgagee to show that the mortgage was given to secure any indebtedness to the amount of the mortgage

that might accrue, instead of the specific obligation mentioned in it. The claim of the plaintiff in that case rested on the supposed agency of the husband to act for and bind the wife, the only evidence of such agency being the possession of the mortgage by the husband, and it was declared that the agency to be inferred from the possession of the mortgage must have respect to and be limited by the terms of that instrument. It could not be extended by implication. So, in this case, the agency must have respect to and be limited by the terms of the deed. It cannot be extended by implication. The husband was, therefore, only empowered to deliver it according to its terms; that is, upon the payment of the consideration. He was acting for her and not for himself. The cases are analogous and rest on the same principle. The converse of the proposition would revolutionize the law of principal and agent, and confer powers upon a special agent not delegated, not within the scope of his relations to his principal, and not recognized in the adjudications relating to the subject. The doctrine rests upon principles of natural justice and equity. No one shall be deprived of his property without his consent, and when a person claims the right to represent an owner he must be fortified with authority which may not be questioned. *Martin* v. *Farnsworth*, *supra*. The application of this rule to a case where the claimant, under an assumed power, is not a holder for value, becomes the more meritorious. He gives nothing for the grant, and loses nothing when it is withdrawn. It may be added here, as germane to the subject, that in this court it was held, upon due deliberation, that a note drawn by the husband of a married woman, acting by her authority as her agent, in reference to her separate business, could not be enforced against her by a *bona fide* holder for value, it appearing that it was not used in reference to her separate estate or business, but diverted by the agent. *Bogert* v. *Gulick*, 45 How. 385.

The right of the plaintiff to recover herein is declared upon the proposition, that the husband had no authority to deliver the deed upon any other than the terms expressed, namely, the payment of the consideration, and, therefore, the judgment must be reversed. It would, of course, be necessary to protect the defendants by a proper decree from the operation of the mortgage given by them at the request of the plaintiff's husband. It is also proper to say, that as the plaintiff proceeded to enforce her claim, when advised that there was a cloud upon her title, she cannot be charged either with

acquiescence in or ratification of her husband's act. That result does not follow unless based upon knowledge of all the facts and the expiration of an unreasonable time, before remedy sought. *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Nixon* v. *Palmer*, 8 id. 398; *Roach* v. *Coe*, 1 E. D. Smith, 175; Story on Agency, §§ 90, 91.

INGRAHAM, P. J., concurred.

*New trial ordered.*