By the Court.—Sanford, J.
The right of the plaintiff to maintain this action, upon the facts alleged in the complaint, and found by the learned judge before whom the trial was had, does not seem to me to admit of question. She brings the suit to remove the apparently valid lien of a mortgage, alleged to be void by reason of facts which can only be established by extrinsic evidence. The mortgage constitutes a cloud on her title, and she has reason to apprehend its threatened enforcement. Belief is always accorded in equity under such circumstances, on the principle of preventing irreparable injury, and the party aggrieved need not wait till attacked, but may initiate measures to secure redress.
The case, therefore, presents the naked question of the validity or invalidity of the mortgage, as a security to the defendant, for the advances made by him ; and the answer to that question depends upon the nature and extent of the authority, real or apparent, with which the plaintiff’s husband was clothed, when he assumed to act as the agent of his wife, and to-deal with her property. Only the established and familiar rules which regulate and govern the relation of principal and agent need to be invoked and applied. Wo authority, on his part, to represent and act for her, except to the extent and in the purpose of procuring for her a loan from Bichard Kelly, on the security of the bond and mortgage as originally executed, is disclosed by the evidence, unless such authority may be *46 inferred from his- marital relations, and his possession of the documents. We are therefore to inquire whether those relations, coupled with possession, involve the implication of such authority as was attempted to be exercised.
The legislature of this State has, for more than a quarter of a century, by several successive enactments, steadily declared and adhered to the doctrine that married women are entitled to the same full and complete authority over their own separate estates, whether real or personal, which they could exercise if unmarried ; and has effectually deprived their husbands, as such, of any right of interference therewith. It is, therefore, only in the capacity of an agent for his wife, that a husband can assume to- enter into any engagements with respect to her property, at all obligatory upon her ; and all persons dealing with him while acting in the capacity of agent for her, are bound by the very existence and nature of the intimate, confidential, and delicate relations existing between husband and wife, to exercise, if anything, even greater care and caution in ascertaining the precise extent of, and the precise limitations upon, his derived authority, than there would be occasion for, if no such intimate, confidential, and delicate relations existed.
The general rule is that a special authority must be strictly pursued. The acts of a general agent, within the general scope of his apparent authority, bind his principal, even when not in accordance with private instructions ; but no act of an agent, for a special purpose, in excess of the authority conferred upon him, can affect his principal’s property or rights.
Mo agent can by any act or representation of his own, enlarge the powers with which he is entrusted (N. Y. Life Ins. Co. v. Beebe, 3 Seld. 364; Stringham v. St. Nicholas Ins. Co., 5 Abb. Pr. N. S. 80).
The fact that the agent is the husband of the prin *47 cipal is wholly immaterial in this regard (Deming v. Bailey, 2 Robt. 1).
These general rules, applied to the case under consideration, effectually dispose of it in favor of the plaintiff. John W. Smith was the plaintiff’s agent to procure for her a loan from a particular person, upon the security of a particular instrument, executed by her in favor of that person. When his negotiations to that end failed and were concluded, his agency ceased. His subsequent action was his own, not hers. He bad exhausted his authority, and the mortgage was functus officio. He had no more right to strike out the name of the party in whose favor the mortgage was originally drawn and executed, and to insert another name as mortgagee in its stead, than he would have had to prepare a new mortgage, and sign his wife’s name to it. From the moment of such alteration, the instrument ceased to be his wife’s deed. She may have had special reasons for her willingness to incur the obligation of a loan from a creditor of her own selection, which would be wholly inapplicable in the case of another. She may have relied upon her knowledge of his disposition and temper—his lenity and forbearance. She was dealing with her homestead. In assuming to borrow a less amount of a different creditor, upon a security never executed nor acknowledged by her, her agent violated both the letter and the spirit of Ms instructions, and the defendant, with whom he,dealt, was bound, at his peril, to take notice of the facts.- Indeed, the facts -were all within his actual cognizance.
An examination of a few adjudged causes, some of which are closely analagous to that ndw under consideration, will illustrate fully the principles involved, and their application to the present case.
In Hoffman v. Treadwell (2 N. Y. Supreme Ct. R. 57), which was an action brought by a married woman *48 to set aside and avoid a warranty deed, executed by her to a creditor of her husband and son, and which had been placed by her in the hands of her husband, at his request, without any restrictions as to its use, or directions as to what he should do with it, a judgment for the defendants was reversed on appeal, upon the ground that the husband had no authority to deliver the deed upon any other than the terms prescribed on its face. That its delivery to, and possession by him, accredited him with authority to deliver it to the grantee named in it, upon payment to him, as her agent, of the consideration which it expressed, but not otherwise ; and that no larger or other power could be inferred from its possession, than its precise terms imported. The deed was handed over by the husband to the defendants in the suit, the grantees named therein, in satisfaction of a pre-existing indebtedness due to them from a partnership firm composed of the husband and son, and the defendants, as grantees, had paid off an existing mortgage upon the premises conveyed, executing a new mortgage of the same amount, the proceeds of which had been applied to such payment. The court observed that it would, of course, be necessary to protect the defendants, by a proper decree, from the operation of the mortgage thus given by them, and which had enured to the benefit of the plaintiff; but it was held that against her, the conveyance to them was invalid ; that it was their duty, in dealing with her agent, to ascertain the extent of his powers, and that, in omitting to do so, they acted at their peril; that the property was hers, and that she was entitled to be treated in regard to it, as if she were unmarried ; that, if there be any distinction in such a case, it would require a more rigorous enforcement of the general rule, because “the closer the tie, the greater the liability to abuse, and hence the greater the necessity for the vigilant application of that protection which the *49 courts have applied to the relation of principal and agent, and have thrown around the separate estates of married women.”
Again in Bank of Albion v. Burns (46 N. Y. 170), where a mortgage executed by a wife was given to secure the bond of her husband, and was delivered by him to his creditor, under an agreement that it should be held as collateral security for the payment of all claims and demands on which he then was, or might thereafter become liable, it was held that in the absence of evidence dehors the mortgage, tending to show that such was the wife’s intent, the mortgage could not be treated as a continuing guaranty, and that a subsequent payment of the existing debt operated to discharge the lien, notwithstanding that advances were thereafter made by the creditor on the faith of the security which it was supposed the mortgage and the husband’s agreement afforded. The court declared that the agency to be inferred from the possession of the mortgage must have respect to and be limited by the terms of that instrument; that it could not be extended by implication ; that the most that could be inferred was that the husband had authority to bind the property of the wife by the delivery of the mortgage to the mortgagee for the sum named, payable at the times and in the manner specified in the bond to which it was collateral.
If it be urged that in neither of the cases cited was any specific advance made on the faith of the instrument, we find the answer in the fact that the principle upon which bona fide holders for value are protected, is founded upon the absence of notice, and that, in the present case, as in those cited, the plaintiff had both constructive and actual notice of the wife’s title, and that in such case, the payment of value affords no protection, and creates no superior equity.
Thus in Craver v. Wilson (Ct. of. App., Feb., 1872, *50 14 Abb. Pr. N. S. 374), where a bond and mortgage executed by a married woman upon her separate estate, and placed by her in the hands of an agent, for the purpose of raising a specific sum of money, to be used for the benefit of her husband and another person, were delivered by the agent, together with another security, to one who advanced upon all the securities delivered the amount of the bond, it being agreed at the time, that the bond and mortgage should also be held as security for a judgment against the agent and others ; it was decided that the mortgage could not be enforced against the wife’s property, although the transaction was an entirety, and notwithstanding that the money advanced had been actually applied to the use of the persons for whose benefit the bond and mortgage were executed.
It will be observed that the cases thus far cited, are cases in which no alteration was made in the terms of the instrument as originally executed. And if the delivery, by an agent, of a deed or mortgage otherwise than in accordance with the authority imported by its precise terms, will render the instrument a nullity in the hands of the grantee or mortgagee named therein, even although no alteration of its terms is required or is made, for the purpose of rendering it available, a fortiori, the making of such alteration on its face, by or at the instance of the agent, and with the knowledge of the person who accepts it, should destroy its validity.
It is even held that a deed or mortgage, executed in blank, that is, without inserting the name of any grantee or mortgagee, may not be filled in, without the express authority of the grantor, evidenced otherwise than by mere delivery ; that such authority can not be inferred with respect to deeds or instruments under seal; and that an instrument in the form of a mortgage, but containing the name of no mortgagee, does *51 not become effectual by delivery to one who advances money upon the faith of an agreement that he shall hold the instrument as security for such advance (Chauncey v. Arnold, 24, N. Y. 330).
It was intimated, in the case last cited, that proof of parol authority to fill up the blank in the mortgage, might perhaps have enabled the holder to enforce it, but as no such proof was given or offered, the judgment of this court, which was adverse to the enforcement of the instrument, was affirmed by the court of appeals.
In Marcy v. Dunlap (5 Lansing, 365), it was held that a material alteration made in a mortgage, without the consent of the mortgagor, either by the mortgagee, or a third person, at his instance, annuls the instrument.
It is quite clear, upon the authority of the cases cited, as well as upon the familiar principles they ill us trate, that the bond and mortgage which form the subject of this litigation are not obligatory upon the plaintiff, and can not be enforced as against her, or her, separate estate.
But it is insisted on the part of the defendant, that the mortgaged premises, although standing in the plaintiff’s name on the record, are, in reality, the property of her husband, and that he has an equitable interest therein; that the plaintiff’s title, if she have any, was derived directly from her husband by a voluntary conveyance, without any actual consideration; that such conveyance was fraudulent and void as against his creditors, and is defeasible at their instance ; and that she can not, therefore, maintain this action against the defendant, a creditor of her husband, who has in good faith made advances to him, on the faith of a mortgage, executed by him as well as by herself.
Without examining the evidence minutely, for the purpose of ascertaining whether it establishes the facts *52 thus asserted, we are of opinion that a defect in the plaintiff’s title constitutes no defense (Craft v. Merrill, 14 N. Y. 456).
if she were seeking to recover possession, it would be necessary for her to show a complete and perfect title in herself. But she is in possession, under title or a claim of title. The defendant, as mortgagee, claims under her, and in subordination to her title, whatever it may be. She may therefore maintain an action to remove the apparent lien of his mortgage, inasmuch as it is valid on its face, but void by reason of facts only susceptible of proof by extrinsic evidence. It is wholly immaterial whether her husband, or his creditors have an equitable interest in the premises enforcible in proper proceedings instituted for that purpose.
The rights of the defendant, as against the husband, and the husband’s interest, if any, in the property, are not affected by the judgment. They were not, nor could they be, determined in this suit. Even if the husband were vested with the legal title, it is by no means clear that an action of this character might not, under the circumstances, be maintained by the wife for the protection and relief of her inchoate right of dower (Simar v. Canaday, 53 N. Y. 298).
We have considered the rulings of thev learned judge, upon questions- of evidence, and are satisfied that no tenable exception can be taken thereto. The decision commends itself to our sense of justice and right, as between the parties.
The judgment must be affirmed, with costs of the appeal.
Speir, J., concurred.