WILLIAM B. BARRON, IMPLEADED WITH GEORGE F. COLLINS v. HAMILTON P. CADY.

*Release of joint-maker's liability.*

A joint-maker, signing for accommodation merely, is released by an extension granted without his knowledge or acquiescence.

Error to St. Clair. Submitted Jan. 10. Decided Jan. 28.

ASSUMPSIT. The facts are in the opinion.

*O'Brien J. Atkinson* for plaintiff in error. A surety on a note is released by any agreement for extension made between the holder and the principal debtor (*Clark v. Sickler*, 64 N. Y., 231; *Sears v. Van Dusen*, 25 Mich., 351; *Hanson v. Donkersley*, 37 Mich., 184; *Chute v. Pattee*, 37 Me., 102; *Leavitt v. Savage*, 16 Me., 72; *Bailey*

*v. Adams*, 10 N. H., 162; *Dunn v. Spalding*, 43 Me., 336; *Draper v. Trescott*, 29 Barb., 401; *Blazer v. Bundy*, 15 Ohio St., 57; *Wood v. Newkirk*, id., 295), and payment of interest in advance would be a sufficient consideration for such an agreement (*Flynn v. Mudd*, 27 Ill., 323; *Corielle v. Allen*, 13 Ia., 289; *Greely v. Dow*, 2 Met., 176; *Chute v. Pattee*, 37 Me., 102); the agreement may be inferred from acts, declarations and circumstances, and need not be expressed, *Brooks v. Wright*, 13 Allen, 76; and it is not necessary that the surety should appear to be such from the face of the note, as it is enough if he was so in fact and was known to be so by the payee when the note was signed, and the relation of the parties may be shown by parol evidence, *Kelly v. Gillespie*, 12 Iowa, 57; *Paul v. Berry*, 78 Ill., 158; *Higdon v. Bailey*, 26 Ga., 426; *Lime Rock Bank v. Mallett*, 34 Me., 547; *Grafton Bank v. Kent*, 4 N. H., 221; *Matheson v. Jones*, 30 Ga., 306; *Piper v. Newcomer*, 25 Ia., 221; *Cummings v. Little*, 45 Me., 183; *Bank of St. Albans v. Smith*, 30 Vt., 148; *Brown v. Haggerty*, 26 Ill., 469; *Kennedy v. Evans*, 31 Ill., 258; *Stewart v. Parker*, 55 Ga., 656; *Riley v. Gregg*, 16 Wis., 666; *Mechanics' Bank v. Wright*, 53 Mo., 153; *Coats v. Swindle*, 55 Mo., 31; *Mariner's Bank v. Abbott*, 28 Me., 280; *Neel v. Harding*, 2 Met. (Ky.), 247; *Orvis v. Newell*, 17 Conn., 97; *Wilson v. Foot*, 11 Met., 285; *Murray v. Graham*, 29 Ia., 520.

*William Grace* and *Herman W. Stevens* for defendant in error. An extension granted in consideration of advance payments of interest will not release a surety. *Abel v. Alexander*, 45 Ind., 523; *Oxford Bank v. Lewis*, 8 Pick., 457; *Blackstone Bank v. Hill*, 10 Pick., 129.

GRAVES, J. Cady sued Barron and Collins on a promissory note of the following tenor:

"ST. CLAIR, July 30, 1873.

$300. Three months after date we promise to pay to the order of H. P. Cady three hundred dollars at St. Clair, Michigan, value received, with ten per cent. interest.

GEO. F. COLLINS.

W. B. BARRON."

Barron set up in defense,

1. That he joined as maker of the note for Collins' accommodation merely and never had any interest in the consideration and never received any benefit, either directly or indirectly, on account of the note, and that Cady knew when it was made and when he received it that he (Barron) was in fact only surety for Collins upon it.

2. That after the note fell due, Cady, in consideration of money paid him by Collins for the future use of the principal for some months, bound himself to allow Collins that time to make payment and prolonged the time for payment accordingly.

3. That he (Barron) neither assented to such arrangement nor had any knowledge of it, and has never ratified it or acquiesced in it or waived the right to take advantage of it.

He gave evidence conducing to make out this defense, but the circuit judge ruled against it and directed the jury to give their verdict in favor of Cady.

This was error. If the facts were as claimed by Barron, he was discharged from liability on the note. It is sufficient to refer to *Smith v. Sheldon*, 35 Mich., 42; *Bank of Albion v. Burns*, 46 N. Y., 170. The principle applies as well to the case of a joint maker, who is in fact an accommodation maker, as to the case of those who are ostensible sureties. The difference is that in the one case, as all may perceive, there are present and visible to the payee the *prima facie* signs of suretyship which he must be presumed to interpret correctly, whereas in the other case there are no such external marks and proof is required to establish the payee's knowledge of the actual relation.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.