THE ERIE COUNTY SAVINGS BANK v. ELIZABETH ROOP, as
Executrix, etc., et al., Appellants, and JOSIAH P. COOK
et al., Respondents.

H. R. conveyed certain premises to R., who conveyed them to the wife of
the former; to secure a loan made to H. R. of $4,500 he and his wife
executed their bond with a mortgage upon the premises; subsequently
she conveyed an undivided half of the premises to S., who conveyed it
to H. R. The latter procured a loan of $8,000, for which he gave his
individual bond, secured by mortgage upon the whole premises, exe-
cuted by him and his wife. Of this sum sufficient was taken to discharge
the prior mortgage; the interest upon which had been paid by H. R.
until its discharge; and he also paid the interest upon the new mortgage
up to the time of his death. His wife never recognized the loan for
which it was given as made for her benefit, but always claimed it was to
her husband, to be paid as between them out of his half of the premises.
H. R. died leaving a will, by which his wife and W. were appointed exec-
utors, with power to sell real estate. Mrs. H. R. subsequently borrowed
of M. $4,000, giving her bond, secured by mortgage upon her undivided
half of the premises. Certain judgments, also, were recovered against
her, and executions were issued thereon, under which her half was sold
to C. and S., who received the sheriff's deed; they also bid off the
same on foreclosure of the mortgage so given by her. The executors of
the will of H. R. conveyed his undivided half to T. In a contest as to
surplus moneys arising on sale under judgment of foreclosure of the
$8,000 mortgage, held, that as the facts showed that the mortgage fore-
closed was given to secure a debt of H. R., his wife, as to her undivided
half of the premises, standing simply as a surety for him, as between
them, his half was in equity primarily liable to pay the debt; and she
would have been entitled to any surplus to the extent of the value of her
undivided half; that under the mortgage executed by her, the mort-
gagee took the position and acquired the rights Mrs. H. R. had at the
time she executed it, to which C. and S. by their purchase succeeded,
and so were entitled to the surplus.

Also, held, that the rights so acquired by the mortgagee and by C. and
S., were not affected by any acts or agreements on the part of Mrs.
H. R. to which they did not assent.

(Submitted March 5, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of Buffalo, affirming a judgment
entered upon the report of a referee.

This action was brought to foreclose a mortgage. It was
referred to a referee to determine the manner in which the

mortgaged premises should be sold, and the equities and priorities of the several defendants as between themselves. Upon the report of the referee judgment was entered, directing a sale of the premises, and adjudging the defendants Cook and Sweet to be entitled to any surplus up to one-half the aggregate amount bid.

The facts appear sufficiently in the opinion.

*M. A. Whitney*, for appellant.    As between Mrs. Roop and the estate of her husband, the undivided half of the mortgaged premises owned by her should, in equity, be charged with one-half of the mortgage debt to the plaintiff. (*Dickinson* v. *Codwise*, 1 Sandf. Chy., 214; *McVey* v. *Cantrell*, 6 Hun, 528; *Gardner* v. *Gardner*, 22 Wend., 526; 7 Paige, 112; *Crafts* v. *Molt*, 4 N. Y., 604; *Hayes* v. *Ward*, 4 Johns. Chy., 123; *Matthews* v. *Aikin*, 1 Com., 595; *Cory* v. *Leonard*, 56 N. Y., 494; *Halsey* v. *Reed*, 9 Paige, 446; *Johnson* v. *Zink*, 51 N. Y., 333; Thomas on Mortgages, 94; *Patterson* v. *Birdsall*, 6 Hun, 632; 64 N. Y., 294,) The purchase by defendants Sweet and Cook, being under the several executions and the Meyer foreclosure, was subject to the lien of the plaintiff's mortgage.    (1 Hilliard on Mort., 366; *Mathews* v. *Aikin*, 1 Com., 595; *Williams* v. *Thorn*, 11 Paige, 459; *Gill* v. *Lyon*, 1 Johns. Chy., 447; *Brewer* v. *Staple*, 3 Sandf. Chy., 579; *Gilbert* v. *Averill*, 15 Barb., 20, and cases cited; Thomas on Mort., 91, 92, 93; *Tice* v. *Cronin*, 2 Johns. Chy., 125; *McKinstry* v. *Curtis*, 10 Paige, 503; *Russell* v. *Allen*, 10 id., 249; *Vanderkemp* v. *Shelton*, 11 id., 28; *Weaver* v. *Toogood*, 1 Barb., 238 ; *Hart* v. *Wandle*, 50 N. Y., 381; *Kellog* v. *Rand*, 11 Paige, 60; *La Farge Fire Ins. Co.* v. *Bell*, 22 Barb., 67; *Halsey* v. *Reed*, 9 Paige, 446; *Dauchy* v. *Bennett*, 7 How., 375; *Cherry* v. *Monro*, 2 Barb. Chy., 618; *Shadbolt* v. *Bassett*, 1 Lans., 121.) There was no estoppel on their behalf growing out of the provisions in the deed to Emily Thayer of June 2, 1877. (*Baker* v. *The Union M. Life Ins. Co.*, 43 N. Y., 289; *Dezell* v. *Odell*, 3 Hill, 219; *Pierpont* v. *Barnard*, 5 Barb., 264; *Jackson* v.

*Brinckerhoff*, 3 Johns. Cas., 101; *Brant* v. *Virginia Coal Co.*, 93 U. S. [3 Otto], 326; *Jewett* v. *Miller*, 10 N. Y., 402; *Ackley* v. *Daggert*, 33 Barb., 176; *Malony* v. *Horan*, 12 Abb. U. S., 289.) The referee erred in deciding as matter of law that the alleged error in the deed to Emily Thayer cannot be corrected, as against the defendants Cook and Sweet, and that such error is a mistake of law, and not of fact. (*Maher* v. *Hibernian Ins. Co.*, 67 N. Y., 283; *Pitcher* v. *Hennessey*, 43 id., 415; *Bush* v. *Hicks*, 60 id., 298.)

*H. C. Day*, for respondents. Mrs. Roop, as to her undivided half of the mortgaged premises, stands in the relation of a surety for her husband, and the bank is chargeable with knowledge of that fact from the time it made the loan to him. (*Smith* v. *Townsend*, 45 N. Y. 479; *Gahn* v. *Neimcewicz*, 11 Wend., 312; *Fitch* v. *Cotheal*, 2 Sandf. Chy., 29; *Loomer* v. *Wheelwright*, 2 id., 135; *Van Horn* v. *Everson*, 13 Barb., 526; *Neimcewicz's Exrs.* v. *Gahn*, 3 Paige, 614, 652; *Vartie* v. *Underwood*, 18 Barb., 561.) The rights of the parties herein, are to be determined as they existed between the bank, Roop and his wife at the time when the bond and mortgage were first given. (*Greene* v. *Wannick*, 64 N. Y., 220; *Crane* v. *Turner*, 67 id., 437; *Davis* v. *Peckstein*, 69 id., 440; *Gahn* v. *Neimcewicz*, 11 Wend. R., 312; *Loomer* v. *Wheelwright*, 3 Sand. C. R., 135.) Whether there was a mistake or not in the deed of Emily Thayer the court will not interfere as against Cook and Sweet. (1 Story's Eq. Jur., § 165; *Casler* v. *Selts*, 6 Hun, 659; *Cady* v. *Potter, Exrs., etc.*, 55 Barb., 463; *Bames* v. *Camack and Wife*, 1 id., 392; *Blair* v. *Wait*, 69 N. Y., 113, 116; *Mead* v. *Westchester Fire Ins. Co.*, 64 id., 453.) The referee properly excluded the books offered in evidence by Whitney and Mrs. Thayer. (*Case* v. *Potter*, 8 John. R., 212; *Vosburg* v. *Thayer*, 12 John., 461; *Maine* v. *Harper*, 4 Allen [Mass. R.], 115; *Low* v. *Payne*, 4 Coms., 247; *Irvine* v. *Wortendyke*, E. D. Smith, 374.)

EARL, J.   This is an action for the foreclosure of a mortgage which has proceeded to judgment and a sale, and the present controversy is between the defendants Whitney and Thayer on the one side, and the defendants Cook and Sweet on the other, as to the distribution of surplus proceeds.   The most material facts giving rise to the controversy are these : On June 30, 1860, Henry Roop, the testator, being then the sole owner of the mortgaged premises, conveyed them by quit-claim deed to one Russell, and on the second day of July thereafter, Russell conveyed them by quit-claim deed to Elizabeth Roop, the wife of Henry.   The consideration of these conveyances does not appear.   On the sixth day of August thereafter, a written application signed " Elizabeth Roop by H. Roop," was made to the Buffalo Savings Bank for a loan of $6,000, to be secured by a bond and a mortgage upon these premises, and the bank consented to loan upon such application $4,500.   On the twenty-third day of August, Henry and Elizabeth executed to the bank a bond for that sum, and, as collateral thereto, a mortgage upon these premises.   There is no evidence showing what use was made of this money, or that any of it inured in any way to the benefit of Mrs. Roop.   Attached to the mortgage was a certificate signed by the bank's attorneys, as follows :   "Mr. Henry Roop has furnished security to the Buffalo Savings Bank, for a loan of $4,500, by bond and mortgage, dated August 23, 1860, on the premises specified in his application ; " and also a receipt signed by Mr. Roop that he had received the sum mentioned in the certificate upon the loan mentioned.   The certificate and receipt were both dated August twenty-eight — probably the day on which the money was paid to Mr. Roop — and they tend strongly to show that the loan was to him.   On the 5th day of September, 1867, Mrs. Roop conveyed an undivided half of the premises to one Sherman, who, on the next day, conveyed the same to Mr. Roop.   On the 19th day of November, 1872, Mr. Roop borrowed of the plaintiff $8,000, and executed to it his individual bond for the same, and, as collateral to the bond,

he and his wife executed . the mortgage foreclosed in this action upon the whole of these premises. Of this sum sufficient was taken to discharge the prior mortgage above mentioned, and the balance was paid to Mr. Roop ; and what he did with that does not appear. Mr. Roop paid the interest upon the prior mortgage until it was discharged, and upon the last mortgage to the time of his death. It appears that Mrs. Roop was reluctant to execute the last mortgage, and Mr. Roop procured her brother, one Sherwood, to negotiate between them in reference to giving the mortgage. According to his evidence, Mr. Roop claimed to him that he had furnished more money for his wife for her purposes than he could well carry, and he wished her to join with him in a mortgage to raise money and to pay back the amount he had advanced for her. Sherwood called upon Mrs. Roop, and stated to her what Mr. Roop had said, and she said " all right," and that she would talk the matter over with Mr. Roop. She afterward told Sherwood that she had carried out the arrangement for this mortgage, and that her husband had had the money. Aside from what may be claimed from this evidence of Sherwood, there was no evidence that Mrs. Roop owed her husband anything, or that he had ever advanced anything for her, or that she was carrying on any business or using any money on her own account ; and considering the fact that the bond for this loan was executed by Mr. Roop alone, and considering also the relations existing between them, and all the other circumstances, as well as the uncertain meaning of the admissions of Mrs. Roop to Sherwood, it would not be a proper inference from this evidence that this loan was in any way for the benefit of Mrs. Roop. She never afterward, prior to this controversy, recognized the loan as in any way for her benefit, but always claimed that the loan was to her husband, to be paid, as between him and her, out of his half of the real estate. If it can be said that this evidence of Sherwood raised any doubt or conflict as to the purpose of this mortgage and the use of the money obtained thereby, we must

assume, for the purpose of upholding the judgment, that the referee settled such doubt and conflict in favor of the respondents.

Mr. Roop died in March, 1874, leaving a will, in which Mrs. Roop and the appellant Whitney were appointed executors, with power to sell real estate. In July, 1875, Mrs. Roop borrowed of one Meyer $4,000, to secure which she executed her bond and a mortgage, as collateral thereto, upon her undivided half of these premises. In November, 1875, and in January and February, 1876, certain judgments were recovered and docketed against Mrs. Roop. Executions were issued upon such judgments to the sheriff of Erie county, and in July, 1876, he sold Mrs. Roop's undivided half of the premises to the respondents Cook and Sweet, and executed to them a certificate of such sale, which stated that they would be entitled to a deed October 20, 1877. In July, 1876, subsequent to the sheriff's sale, this suit was commenced to foreclose plaintiff's mortgage. In the spring of 1877, Meyer commenced the foreclosure of his mortgage, making Cook and Sweet parties, obtained judgment of foreclosure, and the premises were advertised for sale on the thirtieth day of May. Appellants Cook and Sweet attended on that day to protect their interests under the sheriff's certificate. The sale was adjourned to June seventh; and before that day, Cook and Sweet had given to Meyer's attorney their check for the amount of the mortgage, interest and costs, for the purpose of obtaining an assignment thereof, so that they could control the sale. On the seventh day of June they appeared at the place of sale, and not having received the assignment, they bid off the mortgaged premises and obtained the sheriff's deed of the same. They claim this surplus money by virtue of this deed and their purchase under the judgments. Mrs. Emily Thayer bases her claim in reference to the surplus upon facts now to be stated. On the 4th day of June, 1877, Mrs. Roop and Whitney, as executors of the will of Henry Roop, executed a deed of the undivided half of these premises to the appellant Thayer.

In that deed it was provided that the premises conveyed were subject to the whole of the plaintiff's mortgage, which the grantee assumed to pay. Whitney and Mrs. Thayer claim, and gave evidence tending to show, that this provision in the deed was inserted by mistake, as it was the agreement and intention of the parties that the grantee should assume and pay only one-half of plaintiff's mortgage as a part of the consideration, and that, therefore, another deed was executed and delivered to Mrs. Thayer on the 17th day of July, 1877, to correct the mistake and take the place of the former deed, in which the grantee assumed to pay only one-half of the mortgage. Standing upon these deeds, Mrs. Thayer claims that Mrs. Roop did not execute plaintiff's mortgage as surety for her husband ; that that mortgage was as to all parties a lien upon all the premises, and that the surplus should be divided equally between her and Cook and Sweet.

It is entirely clear that this mortgage, the foreclosure of which has produced this surplus, was given to secure the debt of Mr. Roop, and that Mrs. Roop was, as to her undivided half of the land, simply a surety for him. As between them, his half was in equity primarily liable to pay the debt: (*Loomer* v. *Wheelwright*, 3 Sand. Ch., 135; *Neimcewicz* v. *Gahn*, 3 Pai., 614; *Vartie* v. *Underwood*, 18 Barb., 561; *Smith* v. *Townsend*, 25 N. Y., 479; *The Bank of Albion* v. *Burns*, 46 id., 170.) It was her right to have his share sold first, if enough could in that way be made to pay the debt, or if the whole were sold and a surplus produced, to have the surplus, to the extent of the value of her undivided half, paid to her. After the execution of this mortgage, she was in precisely the same position that she would have been if it had been written in the mortgage that as to her half of the land she was merely surety for her husband. While she was in this position, Cook and Sweet purchased at the sheriff's sale under the judgments against Mrs. Roop, and obtained the sheriff's certificate of sale. They thus became the equitable owners of all her interest in the land, and could as such, if they had no other title, insist that the undivided half of

the land which belonged to Mr. Roop should be made primarily liable for the payment of the mortgage. But their position was still further fortified by their purchase and deed under the foreclosure of the Meyer mortgage. Their title under that deed related back to the date of the mortgage, July, 1875, and it was just such a title as she could have given them if at that date she had by deed conveyed to them the same interest and estate which was covered by the mortgage. After the execution of the mortgage, she could not by any conveyance or agreement with any person, without the consent of the mortgagee or those holding under him, diminish or alter her estate, interest or right in the land mortgaged — that is, she could not charge her half equally with the other half with the payment of the debt, as if she were one of the principal debtors. By the purchase under the mortgage, Cook and Sweet took the precise position which Mrs. Roop occupied at the time she executed the mortgage, and they acquired the same right which she then had to insist that the undivided half of the land belonging to Mr. Roop should be primarily liable to pay the debt. It is therefore wholly unimportant to take any notice of the conveyances executed by Mrs. Roop to Mrs. Thayer, or to consider the effect of any of the transactions of Mrs. Roop with Mrs. Thayer or any other persons subsequent to the date of the mortgage.

This surplus was produced by the sale of the whole title to the premises, which took place in March, 1878 ; and as it was less than one-half of the proceeds of the sale, the court below committed no error in awarding such surplus to the respondents Cook and Sweet.

The judgment should be affirmed, with costs, against the appellants.

All concur.

Judgment affirmed.