# 𝕮𝖆𝖘𝖊𝖘

# FIFTH DEPARTMENT,

AT

# GENERAL TERM,

## 𝕵𝖆𝖓𝖚𝖆𝖗𝖞, 1885.

JOHN C. PLATT, RESPONDENT, *v.* TIMOTHY BRICK, APPELLANT, IMPLEADED WITH WALTER FINKLE AND OTHERS.

*Dower — right of one, purchasing an equity of redemption from a husband, to compel the assignment to himself of a mortgage upon the premises, in which the wife joined.*

This action was brought by the plaintiff to foreclose a mortgage given to him by one Finkle, and Dora, his wife, to secure a bond given by Finkle. The plaintiff also held a mortgage upon another lot subsequently given to him by Finkle, (but in which his wife did not join), as collateral to the same bond. Finkle having made a general assignment for the benefit of creditors, his assignee sold the lots covered by the two mortgages, subject thereto, with other lots, to the defendant Brick, who subsequently also received a quit-claim deed thereof from Finkle, in which the latter's wife refused to join.

*Held*, that in order to protect the equity of redemption purchased by Brick, against the wife's inchoate claim of dower, he was entitled to compel the plaintiff to assign to him the said bond and mortgages upon payment of the amount due thereon.

APPEAL from a judgment of foreclosure and sale in favor of the plaintiff, entered upon the report of a referee.

*Walter W. Holt,* for the appellant.

*Lorenzo Morris,* for the respondent.

BRADLEY, J.:

The action was brought to foreclose a mortgage made by Walter Finkle, and Dora, his wife, to the plaintiff, December 6, 1875, to

secure the payment of $2,000 in two years and interest annually, according to the condition of the bond of Walter Finkle, who in April, 1878, gave to the plaintiff another mortgage on another lot described as No. 80 (in which his wife did not join) as further security for the payment of the same obligation. Afterwards, and in that month, Walter Finkle made to one Zimmermann a general assignment for the benefit of creditors, in which the lands covered by the two mortgages and some other lots were described, giving the assignee the usual power of sale, etc. On the 21st October, 1878, the assignee conveyed to the defendant Brick the lands included in the two before-mentioned mortgages, and two other lots by deed, with the usual covenants of warranty, except as against those mortgages and another one mentioned in the deed; and Walter Finkle about the same time made to Brick a quit-claim deed of the premises in which his wife did not join. Afterwards, and before the commencement of this action, the defendant Brick tendered to the plaintiff the full amount due on his mortgages, and offered to pay the amount, on the execution by him of an assignment to the defendant of those mortgages, and at the same time tendered an assignment for execution, and added that he was willing to take the assignment in such form as would not permit Walter Finkle to be charged personally with the mortgage debt. The plaintiff refused to take the money and make any assignment of the mortgages to him, but offered to take the money and satisfy them, to which the defendant declined to accede. The defendant thereupon deposited the money and the draft assignment in a bank, subject to the order of the plaintiff, on the execution by the latter of the assignment, and so advised him, and the money was subsequently brought into court for the purposes of this action. At the time the tender was made the plaintiff understood the situation of the defendant in respect to the premises. The defendant Brick alleges his purchase subject to the mortgages, the tender, and offer to pay to the plaintiff, and the request that he assign, etc., his refusal, and that the money is brought into court, etc., and asks judgment directing the plaintiff to accept the money and make the assignment, etc. Dora Finkle, the wife of Walter, was not then a party defendant, but afterwards, when the action came on to trial at Special Term, the court, on its own motion and without the request

of any party, ordered that she be brought into court and made a party defendant in the action, which was done, and she answered alleging that the debt secured by the mortgage was that of her husband, and that she by executing the mortgage pledged her inchoate right of dower as surety of her husband merely; that the defendant took conveyance of the mortgaged premises, subject to the mortgage, and assumed the payment of it, and that her right in that respect is superior to that of the defendant Brick, etc. The action was referred to a referee, who found and determined that the defendant Brick had no equities superior to her, and was not entitled to be subrogated to any rights of the plaintiff under the mortgage and directed judgment for the plaintiff of foreclosure and sale, and to the effect that he might, at his option, sell the mortgaged premises subject to the inchoate right of dower of Dora Finkle; and judgment was so entered, from which the defendant Brick appeals.

Since the execution by Mrs. Finkle of the mortgage, and while it remains unsatisfied, her inchoate right of dower is in the equity of redemption only, which she can make available by redemption, when by surviving her husband that right shall become a vested one. The defendant purchased that equity of redemption, and it must here be assumed that he paid what it was worth and is entitled to all the benefits and rights which the title to it gave him. He purchased subject to the mortgage in question. To the extent of that incumbrance on the premises this inchoate right of dower was then released. By the enlargement of that right the estate purchased by the defendant Brick would be proportionately diminished. If the premises be sold under the decree, subject to her inchoate right of dower, it may be assumed that a portion of the equity of redemption purchased by him will be exhausted to satisfy the mortgage; and when so satisfied this contingent right of the wife will apply to the entire premises. The defendant Brick does not then get what he purchased. To protect his right, and to restrict the inchoate right of the wife to that which she had when he purchased, the defendant Brick desired and sought to pay the amount to which the plaintiff was entitled, and obtain an assignment of the mortgage.

It is contended on the part of the plaintiff that he cannot be permitted to do so, because: 1. The right of subrogation is peculiarly

applicable to the relation of principal and surety, and that the defendant Brick is not in any sense a surety, but that his duty is to pay and discharge the mortgage; and that so far as that relation exists between him and the mortgagor, that of the latter is in the nature of surety; and 2. That the wife has a like relation to her husband, as she has released her right as security for his debt by executing the mortgage, and that defendant's relation to her is no more favorable to him than that of her husband to her, as the defendant occupies his place in respect to the title to the equity of redemption.

While this contention is plausible it is questionable. The right of subrogation is not limited to the relation of principal and surety in the sense which is usually applied to those terms. It is afforded in cases where a person is required to pay a debt or prior incumbrance to protect his right or to save his property; and in such case, whenever to accomplish such protection it is necessary that he have the support of the security so paid, he will be entitled to it for such purpose if it can be so taken without prejudice to the rights of him to whom the payment is made, and to any superior rights of others (*Cole* v. *Malcolm*, 66 N. Y., 363; *Barnes* v. *Mott*, 64 id., 397; *Averill* v. *Taylor*, 8 id., 44; *Snelling* v. *McIntyre*, 6 Abb. N. C., 469; *Frost* v. *Yonkers S. Bank*, 70 N. Y., 553, 558; *Twombly* v. *Cassidy*, 82 id., 155, 158; *Clark* v. *Mackin*, 95 id., 346, 351.)

The limitation expressed in *Ellsworth* v. *Lockwood* (42 N. Y., 89) was but a *dictum*, and the determination of the case did not depend upon that doctrine. (82 N. Y., 160.) The plaintiff's mortgage was due when the tender was made. The defendant had the right to pay it, and the assignment of it to him could not prejudice any legal right of the plaintiff. The saving his property from sale required the defendant Brick to pay the mortgage. The payment and satisfaction of the mortgage would have the effect to restore the inchoate right of dower which Mrs. Finkle had released by the mortgage. (*Hitchcock* v. *Harrington*, 6 Johns., 290; *Runyan* v. *Stewart*, 12 Barb., 537.) And whether or not the mortgage were satisfied the defendant could not question her right on surviving her husband to take dower of the premises undiminished by the mortgage executed by her, unless he in some manner should hold under the mortgage or have some right derived from the mortgagee. He otherwise

would be a mere stranger to the rights afforded by it, and as against him in such case, in behalf of the widow of the mortgagor, the latter would be deemed seized of the entire estate in the premises at the time of the conveyance to his assignee. (*Collins* v. *Torry*, 7 Johns., 278, 282.) It was, therefore, important to the defendant Brick that he have an assignment of the mortgage on payment of the amount of it. By making it to him the plaintiff could not be prejudiced, nor could the rights of Mrs. Finkle, as they existed at the time of the conveyance to the defendant, be impaired. Her inchoate right of dower then, was in the equity of redemption only, and the assignment of the mortgage to the defendant Brick would not prejudice any right of the mortgagor. The defendant took his title subject to the mortgage. The land is the primary fund for the payment of the debt secured by it. The mortgagor has the right to require the appropriation of the premises to the payment of it, and to that extent and for that purpose his relation to the owner of the equity of redemption, holding through his conveyance, is that of surety. (*Johnson* v. *Zink*, 51 N. Y., 333; affirming 52 Barb., 396.) And the effect, as between him and the mortgagor, is the same as if the defendant on taking the title had expressly assumed the payment of the mortgage debt, except as to his personal liability. He took the property charged with that debt, and as between them and those succeeding to their rights, he and those holding under him will be deemed as having the property and the title to satisfy the mortgage debt. (*Ferris* v. *Crawford*, 2 Denio, 595; *Tripp* v. *Vincent*, 3 Barb. Ch., 613; *Jumel* v. *Jumel*, 7 Paige, 591; *Russell* v. *Pistor*, 7 N. Y., 171.) It therefore seems that the defendant Brick, owning the equity of redemption, could not after taking the assignment of the bond and mortgage from the plaintiff charge the mortgagor personally with any portion of the mortgage debt; and that, except as a protection against any charge to which the discharge of the mortgage might expose the premises, the mortgage would be merged in the legal title held by him, and in effect, as against the mortgagor, discharged. (*Millspaugh* v. *McBride*, 7 Paige, 509.)

The effect of such assignment, as relates to the inchoate right of dower referred to, would be to continue it in the same condition as when the defendant purchased the equity of redemption. He

would, for the purposes of his protection in that respect, be treated as a mortgagee in possession, and the remedy of Mrs. Finkle for her dower in the equity of redemption would be in equity and by way of redemption. (*Jackson* v. *De Witt*, 6 Cow., 316; *Bell* v. *Mayor*, 10 Paige, 49; *Van Dyne* v. *Thayre*, 19 Wend., 162; *Swaine* v. *Perine*, 5 Johns. Ch., 482.) The defendant was entitled to the assignment of the bond and mortgage from the plaintiff on payment of the sum due him, unless the wife of the mortgagor had some superior equity which should defeat it.

The contention on the part of the plaintiff is that she pledged her inchoate right of dower as surety for her husband, and is to be treated as such, and that the defendant by taking the property charged primarily with the payment of the mortgage debt is not entitled to a position which will enable him to assert any right to her prejudice in that respect. And in view of that relation it is also insisted that if the plaintiff consents, it is her right unless the mortgage is unqualifiedly paid by the defendant Brick, and the lien of it discharged, to take decree to that effect and sell subject to her inchoate right of dower. This inchoate right cannot be impaired without her consent effectually given, and against any attempted invasion of it the same protection will be afforded as to the vested right of dower of a widow. (*Mills* v. *Van Voorhies*, 20 N. Y., 412; *Garlick* v. *Strong*, 3 Paige, 440; *Youngs* v. *Carter*, 10 *Hun*, 194, 198; *Witthaus* v. *Schack*, 24 Hun, 328; *Babcock* v. *Babcock*, 53 How. 97; *Simar* v. *Canaday*, 53 N. Y., 298.) And for that purpose the wife may have a right of action. But it is but a mere chose in action and is not an interest that she can dispose of by assignment or any sort of transfer; she may release it in such manner that by means of estoppel she is barred of claim of dower when she becomes a widow. (*Malloney* v. *Horan*, 49 N. Y., 112, 118; *Marvin* v. *Smith*, 46 id., 571.) It is not an estate, nor is it an existing interest except as founded in possibility of becoming such. It cannot be treated as the separate property of the wife, but it is her right to preserve and protect the possibility of its becoming such. (2 Bish. Mar. Women, § 42; *Watson* v. *Church*, 3 Hun, 80; *In re N. Y. C. and H. R. R. R. Co.*, 90 N. Y., 345.) She did not, by the mortgage executed by her, convey any interest or estate in the premises, but merely

released and barred to the extent of the incumbrance produced by it, the right to assert or claim dower in the event that she survives her husband, so long as the mortgage remained an effectual extinguishment of it. And her right in that respect would be confined to the equity of redemption, and her remedy in equity to redeem. (*Van Duyne* v. *Thayre*, 14 Wend., 233; *Mills* v. *Van Voorhies*, 20 N. Y., 412.)

She cannot be treated as the surety of her husband because she joins with him in a mortgage of his lands, so as to have any charge against his estate by way of or for reimbursement for the injury she may sustain by reason of the extinguishment in that manner of dower, and she can only take her dower in the equity of redemption of the mortgaged premises. (*Hawley* v. *Bradford*, 9 Paige, 200.) It is otherwise when she joins with him in a mortgage of her property to secure the payment of his debt. Then she is in fact his surety and entitled to all the rights incident to that relation. (Id.; *Vartie* v. *Underwood*, 18 Barb., 561; *Erie Co. S. Bank* v. *Roop*, 80 N. Y., 591.) The assignment of the mortgage to the defendant Brick cannot abridge any right which the wife of the mortgagor is at liberty at law or in equity to assert in respect to the premises, nor will it impair any rights which she had at the time the defendant took his title. And there is no principle applicable to the situation of the parties which equitably requires him to sacrifice any portion of the estate he purchased in the mortgaged premises, for the benefit of the mortgagor's wife, or to protect or restore the inchoate right of dower released by the mortgage.

His right to give protection to and preserve the estate he purchased in the premises seems clear. That can be done only by taking an assignment of the mortgages. No reason appears by the record why he was not entitled to them. The deeds import the purchase by him of the entire equity of redemption, and the evidence tends to show that he expected to have that relieved from the inchoate right of dower of the mortgagor's wife, but he learned before the conveyances were made to him that she declined to release it. And although he may, under the circumstances, have refused to complete his purchase, that fact has no importance here. Her possibility of dower in the equity of redemption remains. So far as the facts are disclosed by the evidence before us it appears

that the duty of the plaintiff to assign to the defendant Brick the bond and mortgages was produced by the tender and offer of payment by the latter to him of the amount due on them, with the request to make the assignment, and the defendant was entitled to that relief. There are no other questions requiring consideration.

The judgment should be reversed and new trial granted, costs of this appeal to abide event.

HAIGHT, ANGLE and CHILDS, JJ., concurred.

Judgment reversed and new trial ordered before another referee, with costs to abide the event.