(64 App. Div. 520.)

DIBBLE v. RICHARDSON et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1901.)

WILLS—CONSTRUCTION—RELEASE OF INDEBTEDNESS.
> A will provided that any debt due the testator from A. at testator's death should not be collected. The wife of A. executed a mortgage to testator, which recited that the wife was justly indebted to testator in the sum so secured. There was no evidence, in a suit by the executor to collect such debt, to show that the testator accepted such mortgage with the understanding that it was merely to secure the debt of A. to testator. *Held*, that such debt was not released by the will.
> Goodrich, P. J., and Sewell, J., dissenting.

Appeal from special term, Kings county.
Suit to foreclose a mortgage by John L. Dibble, as executor of the last will and testament of Mary Callahan, deceased, against Annie C. Richardson and Asa B. Richardson, coexecutor of Mary Callahan, deceased. From a decree of the special term of the supreme

court in favor of the plaintiff (67 N. Y. Supp. 699), the defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Edward M. Grout, for appellants.

Everett Masten, for respondent.

WOODWARD, J. We are confronted upon this appeal with the same difficulty which apparently operated upon the court at special term,—the lack of evidence to support the plausible theory of the defendants; for, while there can be no doubt of the power of a court of equity to look behind the form of a mortgage, and, in a proper case, to hold that the mortgagor is a mere surety for the debt of another, and entitled to all the rights incident to that relation (Bank v. Roop, 80 N. Y. 591, and authorities cited), there are no presumptions in favor of suretyship, and, where the mortgage recites an indebtedness on the part of the mortgagor, evidence is required to show a different state of facts before there is any ground on which a court of equity may properly intervene. Nor is the fact that a person other than the mortgagor actually received the money to his own use conclusive upon this point. It is necessary to show that the mortgagee understood the transaction, and that the mortgage was accepted as security for a debt owed by another. "My difficulty was and is to make a finding of fact that the defendant wife was accepted only as a surety, and not as a principal debtor, by the deceased," says the learned justice at special term, and, as we have already suggested, the same difficulty confronts us upon this appeal. The court, after admitting evidence which, to say the least, encroaches upon the inhibitions of section 829 of the Code of Civil Procedure, was unable, though apparently willing, to find evidence to support the contention of the defendants; and the record certainly discloses no fact which would warrant this court in holding that the findings, or refusals of the court to find, involved error of which the defendants may complain.

This action was brought to foreclose a mortgage for $6,000, given by the defendant Annie C. Richardson to the testator to secure a bond for the same amount given by the same defendant to the testator, and judgment for any deficiency is prayed for against the said defendant. Defendant husband is a coexecutor with the plaintiff in this action, and is joined as a defendant only because he refused to unite with the plaintiff in bringing the action. The answers of both defendants pleaded payment of the $6,000 under the provisions of the last will and testament of Mary Callahan, deceased, which provision reads as follows:

"I hereby direct and provide that, in case any sums of money should be owing to me or to my estate from Asa B. Richardson, that such sum or sums shall not be claimed from him by my executors, but shall be treated as a bequest to him, and any evidence of indebtedness from him shall be given up and canceled by my executors."

The contention of the defendants is that, while the mortgage recites that "whereas, the said Annie C. Richardson is justly indebted

72 N.Y.S.—20

to the said party of the second part [the testatrix] in the sum of six thousand dollars, lawful money of the United States," etc., the real debtor was the husband of the defendant Annie C. Richardson; that the mortgage was given merely as a surety for his debt; and that, this indebtedness of the husband being canceled by the provisions of the codicil of the will of the deceased, the surety is released. We should find no difficulty in supporting this contention if there was evidence to show that the testator accepted the mortgage with the understanding that it was intended as a security for the indebtedness of the husband, but the case is barren of such evidence, and the mortgage itself declares that the defendant Annie C. Richardson is justly indebted. "The transaction shows," to use the language of the learned court at special term, "that she did not loan the money on the faith or credit of the husband, but on the bond and mortgage of the wife." There is no suggestion that the testator took any obligation from the husband; that she ever recognized him as owing to her any sum of money secured by this mortgage; and in the absence of evidence to show that the testator understood that she was lending money to the defendant Asa B. Richardson, rather than to the wife, and that the latter made and executed the bond and mortgage as a surety, no rule of equity with which we are familiar would justify a reversal of the judgment. This is clearly the doctrine in all of the cases which we have been able to find in this state (Bank v. Roop, supra, and authorities there cited), and it is consistent with rules of equity as universally applied. The intent of contracting parties is to be looked for primarily in the words and terms of the contract (Bank v. Burns, 46 N. Y. 170, 175), and in the case at bar the contract of the defendant Annie C. Richardson was to repay $6,000, for which she was "justly indebted to the said party of the second part." A provision in the codicil of a will of the testator releasing Asa B. Richardson from any indebtedness which he might be owing at the time of her death cannot be construed as releasing Annie C. Richardson from the terms of her contract, unless it is clearly established that there was an understanding on the part of the testator that the mortgage was intended to stand as surety for the indebtedness of the husband of the mortgagor. No evidence of this is to be found in the case now before us, and it follows that the judgment must be affirmed.

The judgment appealed from should be affirmed, with costs.

HIRSCHBERG and JENKS, JJ., concur.

SEWELL, J. (dissenting). I cannot concur in the affirmance of this judgment. Aside from what may be claimed from the recital of an indebtedness in the mortgage, no evidence was given tending to prove that Mrs. Richardson was indebted to the testator, that she intended to take upon herself absolutely and at all events the debt of her husband, or that she was accepted as a principal, and not as a surety. There is a total failure of proof of any facts that would have the effect to shift the debt from the husband to the wife, or merge it in the bond and mortgage. The evidence plainly shows

that Mrs. Richardson was not indebted to the testator, and that the only consideration for the bond and mortgage was the debt of Asa B. Richardson, her husband. I do not see how it can be held that the delivery of the money by the testator to the husband to pay his note and save her stock from possible sacrifice was a loan to the wife, or on her bond and mortgage. It seems to me that the legal effect of this transaction was a payment of the note by the testator through Richardson as her agent. The court found that the note was the debt of the husband; that the testator had pledged her stock to secure it; that the bank demanded a settlement, and the testator gave to Richardson three drafts, aggregating $6,000, with which to pay the note; and that he paid the note with the proceeds thereof, and returned the stock to her. I think that the suretyship of the wife follows as a legal presumption from these facts, it appearing that the testator had knowledge by actual information that the debt was the debt of her husband, and the property pledged for its payment belonged to his wife. It is well settled that, where a wife joins with her husband in a mortgage of her land to secure his debt or the payment of money loaned to him, she is the surety of her husband. Vartie v. Underwood, 18 Barb. 561; Smith v. Townsend, 25 N. Y. 479; Bank v. Burns, 46 N. Y. 170. This rule is not peculiar to the marital relation. "If I mortgaged my farm to secure my friend's bond debt, and the creditor knows it is my farm, I become a surety for my friend, and the creditor is bound to respect that relationship. The law indulges him in no conjecture that I intend to make a gift to my friend, or that the debt was incurred in some way for the benefit of my property." Loomer v. Wheelwright, 3 Sandf. Ch. 148. That the money was not loaned on the bond and mortgage also appears from the fact that they were not executed or delivered until two days after the money was advanced by the testator. No other evidence was given than that which the bond and mortgage furnished for the purpose of showing when they were executed or delivered. They are dated the 23d day of October. From this evidence the presumption is that they were executed and delivered on that day. This presumption is, however, rebutted by the proof that they were acknowledged the 25th day of October, and were executed and delivered in the presence of the notary who took the acknowledgment. The only reasonable inference that can be drawn from this evidence is that they were executed and delivered at the time they were acknowledged. In view of this fact, it would be giving undue weight to the date of these instruments to permit it to decide the time of their execution or delivery. I think it is entirely clear that the bond and mortgage were only given to secure the debt of Richardson, which was released by the codicil of the will of the testator, and therefore the judgment should be reversed, and a new trial granted; costs to abide the event.

GOODRICH, P. J., concurs.